**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ISA AGAEV,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | Case No. 5:26-cv-04073-DFM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION

Petitioner Isa Agaev, a civil immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Respondents filed an Answer. See Dkt. 10 ("Answer"). Petitioner filed a Traverse. See Dkt. 11 ("Traverse").

For the reasons set forth below, the Petition is **GRANTED IN PART**.

## II.   BACKGROUND

Petitioner is a native and citizen of the Russian Federation who entered the United States on January 11, 2023 and was charged as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. See Petition at 10-11; id., Ex. B ("NTA"). On January 24, 2023, the Department of Homeland Security released him from custody. See id., Ex. C at 1 ("OREC"). The Order of Release on Recognizance states that Petitioner was "being

released on your own recognizance" "[i]n accordance with section 236 of the Immigration and Nationality Act," id., and the accompanying Notice of Custody Determination recites the same authority, see id., Ex. C at 3 ("Custody Notice"). No immigration judge participated in that determination. See id.

Petitioner thereafter remained at liberty for approximately forty-one (41) months. See id. at 11. He applied for asylum, obtained employment authorization, lived with his wife and stepson, attended the check-ins his release required, and was never arrested or charged with any offense. See id. at 3, 11 & Ex. D. On July 14, 2026, immigration officers detained him without advance notice. See id. at 11. He has received no explanation for his detention and no notice of the reason his release was revoked. See id. at 12.

Respondents do not contest any of these allegations. The Answer lodges no portion of the administrative record, identifies no statutory basis for Petitioner's present detention, and offers no justification for the revocation of his release. Instead, Respondents state that they "are not presenting an opposition argument at this time to the Petitioner receiving a bond hearing," and ask that any relief be limited to a hearing under 8 U.S.C. § 1226(a) within seven (7) days. See id. at 2. Petitioner responds that a hearing cannot remedy a deprivation that has already occurred and seeks release. See Traverse at 2-5.

### III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Petitioner is detained under 8 U.S.C. § 1226. The government's own custody documents invoke section 236 of the Immigration and Nationality

Act. See OREC, Custody Notice. A release on recognizance issued on these forms is conditional parole under § 1226(a)(2)(B). See Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007). Moreover, the Ninth Circuit has held that noncitizens present without admission who are apprehended in the interior are subject to § 1226 rather than 8 U.S.C. § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026).

The Due Process Clause protects the interest of a person who has been released from custody in their continued conditional liberty. That liberty "is valuable and must be seen as within the protection of" the Clause, and its termination "calls for some orderly process." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Petitioner acquired that interest when the government released him in January 2023 and he remained at liberty, in compliance with the conditions imposed, for over three years.

The adequacy of the procedures attending the revocation of that liberty is measured under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs the private interest affected, the risk of erroneous deprivation and the probable value of additional safeguards, and the government's interest, including the burdens of added process. The test is flexible and accounts for the government's substantial interests in the immigration context. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Each factor favors Petitioner. The private interest is at its height: freedom from physical confinement, together with the employment, family relationships, and community ties Petitioner built over forty-one months at liberty. The risk of erroneous deprivation is total, because no procedure was used at all: Petitioner received no notice of the basis for the revocation, no opportunity to be heard, and no statement of reasons, either before his re-arrest or in the twenty days that followed. The probable value of additional

safeguards is correspondingly high: the government itself determined in 2023 that Petitioner could be released, and any procedure requiring it to explain what changed would have tested a decision that, on this record, has never been explained at all. As to the government's interest, Respondents have identified none. They assert no danger, no flight risk, no violation of the conditions of release, no changed circumstance, and no administrative burden. A governmental interest that is never articulated cannot outweigh a liberty interest of this weight. The Court accordingly finds that Petitioner's re-detention violated the Due Process Clause.

The remaining question is remedy. Respondents propose a bond hearing. But the purpose of habeas relief is to "put the [petitioner] back in the position he would have been in if the [constitutional] violation never occurred." Lujan v. Garcia, 734 F.3d 917, 935 (9th Cir. 2013) (quoting Nunes v. Mueller, 350 F.3d 1045, 1057 (9th Cir. 2003)). A hearing conducted now would not supply the process Petitioner was owed at the time his liberty was taken. The position Petitioner would have occupied absent the violation is not detention pending a hearing; it is release on the conditions the government itself imposed in January 2023 that Petitioner has never found to have breached. Where the government has offered no justification for revoking a release it granted, directing it to attempt that justification for the first time in a future proceeding would prolong an unexplained detention rather than remedy it.

Because the due process claim is fully dispositive, the Court does not reach Petitioner's statutory or Administrative Procedure Act claims.

Petitioner's remaining requests are denied. His request to enjoin his transfer or removal is barred by 8 U.S.C. § 1252(g). See Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022). His requests for seven (7) days' advance notice and a pre-deprivation hearing before any future re-detention, for an order

barring conditions on his release, and for retained jurisdiction are denied as unsupported and broader than the violation found.

## IV.    ORDER

For the foregoing reasons, IT IS ORDERED that:

1.    The Petition is GRANTED IN PART.

2.    Within forty-eight (48) hours of the date of this Order, Respondents shall release Petitioner Isa Agaev (A# 246-603-640) from custody on the conditions set forth in his January 24, 2023 Order of Release on Recognizance. Upon release, Respondents shall return Petitioner's personal property.

3.    Within five (5) days of the date of this Order, Respondents shall file a status report confirming compliance with paragraph 2.

4.    The Petition is DENIED in all other respects.

5.    Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: August 5, 2026

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge